IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALEXANDER BRINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:04-cv-1217-WKW |
| | ) | (WO) |
| BILL FRANKLIN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On October 3, 2005, the Magistrate Judge filed a Recommendation (Doc. # 12) in this case,

finding that the defendants' Motion to Dismiss (Doc. # 6) was due to be granted and recommending

that the plaintiff's complaint be dismissed with prejudice. The plaintiff filed an objection on October

17, 2005. (Doc. # 13.) After an independent and *de novo* review of the record, the court finds that

the Magistrate Judge's Recommendation is due to be ADOPTED in part and REJECTED in part.

### I. FACTS AND PROCEDURAL HISTORY

A summary of the facts and procedural history of this case can be found in the Magistrate

Judge's Recommendation, and the court will not repeat them here, except to note that the plaintiff's

("Brinson") complaint alleges, among other things, that Elmore County Sheriff Bill Franklin

("Franklin") and Elmore County Jail Administrator Gary Bowers ("Bowers") violated his rights

under the Due Process Clause of the Fourteenth Amendment while Brinson was a pretrial detainee

in the Elmore County jail. The Magistrate Judge's Recommendation found that Brinson had not met

the Eleventh Circuit's requirements for the heightened pleading standard with regard to Brinson's

Fourteenth Amendment claims brought under 42 U.S.C. § 1983. The Magistrate Judge also found

that Brinson's claims for punitive damages were due to be stricken.  For the reasons to be discussed, the court finds that Brinson's request for punitive damages is not due to be stricken, Brinson has satisfied the Eleventh Circuit's heightened pleading requirements, and Brinson has alleged sufficient facts in the complaint to overcome Franklin and Bowers' qualified immunity defense.

## II.  STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); *Williams v. Wainwright,* 681 F.2d 732, 732 (11th Cir. 1982), *cert. denied,* 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  *Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.,* 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted).

## III.  DISCUSSION

*A.    Heightened Pleading Standard*

Brinson's § 1983 claims are subject to a heightened pleading requirement.  To meet the heightened pleading requirement of the Eleventh Circuit, "[t]he complaint must allege the relevant facts with 'some specificity.'  More than mere conclusory notice pleading is required.  A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (citations omitted).

In order to state a claim under the Fourteenth Amendment's Due Process Clause, Brinson must allege facts which state that he was placed under a restriction that was not reasonably related

to a legitimate penological goal.  *See Lynch v. Baxley*, 744 F.2d 1452, 1463 (11th Cir. 1984) ("If a

restriction is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court

may infer that the purpose of the government action is punishment.").  The Supreme Court has held

that certain forms of "corporal punishment" are unconstitutional.  *See Hope v. Pelzer*, 536 U.S. 730,

736 (2002) ("[T]he policy and practice of cuffing an inmate to a hitching post or similar stationary

object for a period of time that surpasses that necessary to quell a threat or restore order is a

[constitutional] violation . . . .") (citation omitted).

The following allegations in Brinson's complaint are relevant to determining whether he has

met his burden of pleading his claims with sufficient specificity:

- The Elmore County Jail is under the general supervision of Franklin.
- The Elmore County Jail is under the direct supervision of Bowers.
- At the direction of Franklin and Bowers, Brinson was put in a "lockdown" cell and shackled to the metal frame of a cot, where he remained for three days.
- At the direction of Franklin and Bowers, Brinson was put in an isolation cell, where he was shackled to a Chinese toilet for six hours.
- Brinson was denied basic hygiene and exercise during these periods and was not permitted to use the telephone or otherwise communicate with anyone outside the jail.
- Brinson was provided no opportunity to object to his punishment.
- Brinson exhausted all available administrative remedies; he was denied relief by Franklin and Bowers.
- Brinson suffered pain, discomfort, physical injury, embarrassment, humiliation, severe mental anguish and emotional distress.

(Doc. # 1, Compl.)  Accordingly, the court finds that Brinson has met the required heightened

pleading standard insofar as the alleged constitutional violation is concerned.

In the memorandum brief in support of their motion to dismiss, Franklin and Bowers quote

extensively from the *Gonzalez* case regarding supervisory liability and urge the court to apply the

same reasoning to this case.  (Doc. # 7 at 5-6.)  Brinson's complaint, however, can be distinguished

from that in *Gonzalez*.

In general, supervisors can be held liable when "a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiff, and his conduct was causally related to the constitutional violation committed by his subordinate." *Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990). Supervisory liability exists "either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." *Braddy v. Florida Dep't of Labor & Empl. Sec.*, 133 F.3d 797, 802 (11th Cir. 1998). A causal connection can be established where a "supervisor's improper 'custom or policy . . . resulted in deliberate indifference to constitutional rights.'" *Gonzalez*, 325 F.3d at 1234 (citations omitted).

In *Gonzalez*, the Eleventh Circuit found that supervisory liability had not been established because the complaint did not allege that the supervisory defendants in question "directed the agents on the scene to spray the house with gas, break down the door with a battering ram, point guns at the occupants, or damage property." *Gonzalez*, 325 F.3d at 1235. Instead, the Circuit found that it must draw the inference that the supervisory defendants only "ordered the execution of valid search and arrest warrants with the expectation that the agents on the scene would execute them in a lawful manner." *Id*. at 1236. In the present case, Brinson has not alleged that Franklin and Bowers merely ordered that he be disciplined, with the expectation that such discipline would be carried out in a lawful manner; rather, he has alleged that "at the direction of Bowers and Franklin, he was removed to a disciplinary or 'lockdown' cell, one hand was handcuffed to one end of the metal frame of a cot, one leg was shackled to the other end of the metal frame of the same cot, and he was left in that position. . . . Plaintiff was left so shackled for three days." (Compl. ¶ 12-13.) Brinson has further

alleged that "at the direction of Bowers and Franklin, he was removed to an isolation cell, his hands were handcuffed together; his legs were shackled together; his hands were shackled to his feet, [and] his feet were secured to a 'Chinese toilet,' which consisted of a hole covered with a grate in the floor of the cell." (*Id*. at ¶ 17.)  Brinson has alleged that Bowers and Franklin were directly involved in the unconstitutional disciplinary measures that are the basis of his claims; therefore, he has alleged sufficiently specific facts to meet the heightened pleading standard required in this Circuit.

B.    *Qualified Immunity*

Franklin and Bowers argue that they are entitled to qualified immunity because "[t]he Plaintiff has not pointed to any clearly established law which demonstrates that the alleged actions of the Defendants violated the Plaintiff's constitutional rights." (Doc. # 7 at 8.)  Whether or not Brinson has cited to specific case law discussing the rights of pretrial detainees and prisoners, it should be obvious to the defendants that his complaint alleges violations of clearly established law. While many cases discuss the treatment of prisoners, surely the defendants were aware—or should have been aware—of the Supreme Court's decision in *Hope v. Pelzer*, 536 U.S. 730 (2002), a case originating in Alabama.  In *Hope*, the Court found that the Eighth Amendment violation alleged by the plaintiff was "obvious."[1] *Id.* at 738.  The Court went on to state:

> Any safety concerns had long since abated by the time petitioner was handcuffed to the hitching post because Hope had already been subdued, handcuffed, placed in leg irons, and transported back to the prison.  He was separated from his work squad and not given the opportunity to return to work.  Despite the clear lack of an emergency situation, the respondents knowingly subjected him to a substantial

---

[1]   Because Brinson was a pretrial detainee, his claims are brought under the Fourteenth Amendment instead of the Eighth Amendment; however the Eleventh Circuit has found that "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001).

> risk of physical harm, to unnecessary pain caused by the handcuffs
> and the restricted position of confinement for a 7-hour period, to
> unnecessary exposure to the heat of the sun, to prolonged thirst and
> taunting, and to a deprivation of bathroom breaks that created a risk
> of particular discomfort and humiliation. The use of the hitching post
> under these circumstances violated the "basic concept underlying the
> Eighth Amendment[, which] is nothing less than the dignity of man."
> This punitive treatment amounts to gratuitous infliction of "wanton
> and unnecessary" pain that our precedent clearly prohibits.

*Id.* at 738 (citation omitted). Brinson's complaint alleges that he was punitively shackled in painful

and uncomfortable positions for three days on one occasion, and six hours on another. These

allegations are so clearly analogous to the "hitching post" scenario in *Hope* that this court finds it

incredulous that Franklin and Bowers could not have been aware that the actions taken against

Brinson constituted violations of a clearly established constitutional right. Further, *any* punitive

treatment of pretrial detainees for the purpose of punishment is unconstitutional.[2]  Accordingly,

Bowers and Franklin are not entitled to dismissal at this stage on the basis of qualified immunity on

Brinson's Fourteenth Amendment claims.

C.      *Punitive Damages*

Bowers and Franklin argue that Brinson's request for punitive damages is due to be stricken.

(Doc. # 7 at 8.) The Magistrate Judge was persuaded by this argument and found that Brinson's

claims for punitive damages were due to be stricken. (Doc. # 12 at 4.) Although Brinson did not

object to this legal conclusion by the Magistrate Judge, this court finds that the legal conclusion is

contrary to law. It is well-established that in § 1983 actions punitive damages are available from

government officials when sued in their individual capacities. *Fleming v. Dowdell*, 434 F. Supp. 2d

---

[2] *See McMillian v. Johnson*, 88 F.3d 1554, 1564 (11th Cir. 1996) ("Due process prohibits a state from punishing a pretrial detainee at all until he is lawfully convicted of a crime.") (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) and *Hamm v. DeKalb County*, 774 F.2d 1567, 1572 (11th Cir.1985)).

1138, 1146 n.6 (M.D. Ala. 2005). Consequently, Brinson is entitled to pursue his claims for punitive damages against Franklin and Bowers.

## IV.  CONCLUSION

For the reasons stated above, it is therefore ORDERED that:

1.      The Objection (Doc. # 13) filed by the plaintiff is SUSTAINED.

2.      The Recommendation of the Magistrate Judge (Doc. # 12) is REJECTED as to the plaintiff's Fourteenth Amendment claims under § 1983 and claims for punitive damages; in all other respects, the Recommendation is ADOPTED.

3.      The defendants' Motion to Dismiss (Doc. # 6) is DENIED as to the plaintiff's Fourteenth Amendment claims under § 1983 and claims for punitive damages; in all other respects, the motion is GRANTED.

4.      The plaintiff's Fourth and Fifth Amendment claims under § 1983 are hereby DISMISSED.

5.      This case shall proceed on the plaintiff's Fourteenth Amendment claims under § 1983, including his claims for punitive damages, against Defendants Franklin and Bowers.

6.      The defendants shall file an Answer in compliance with Fed. R. Civ. P. 12(a)(4)(A).

DONE this the 1st day of November, 2006.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE