IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALEXANDER BRINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:04-CV-1217-WKW |
| ) | [WO] |
| BILL FRANKLIN, Sheriff of Elmore ) | |
| County, Alabama, in his individual ) | |
| capacity, and GARY BOWERS, ) | |
| administrator of the Elmore County ) | |
| Jail, in his individual capacity, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before the court is Defendants' *Motion to Dismiss Plaintiff's Amended Complaint* under Fed. R. Civ. P. 12(b)(6).  (Doc. # 25).  Defendants contend that *Plaintiff's Amended Complaint,* (Doc. # 24), fails to state a claim upon which relief can be granted.  Upon consideration of the Defendants' motion, the court recommends that the motion be denied.

**BACKGROUND**

This case arose from Plaintiff Alexander Brinson's ("Brinson") claims that, while incarcerated as a pre-trial detainee in the Elmore County Jail, various constitutional rights secured to him by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, were violated by Defendants Bill Franklin ("Franklin," the Elmore County Sheriff), and Gary Bowers ("Bowers," the Elmore County Jail Administrator).  (Doc. #1).  Defendants filed a *Motion to Dismiss* all of Plaintiff's claims

pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 6). On November 1, 2006, this court issued a *Memorandum Opinion and Order* which found that, although Plaintiff's claims under the Fourth and Fifth Amendments were due to be dismissed , the case should continue as to Brinson's Fourteenth Amendment claims, including his request for punitive damages. (Doc. # 16).

Brinson requested leave to file an amended complaint, and, without objection from Defendants, was permitted to amend his surviving claims. (Doc. # # 21, 23, 24). The Defendants seek dismissal of Brinson's *Amended Complaint* pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 25).

## STANDARD OF REVIEW

A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, and dismissal should be granted under this rule only if the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *accord*, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Hughes v. Rowe*, 449 U.S. 5, 10 (1980); *Fuller v. Johannessen*, 76 F.3d 347, 349-50 (11th Cir. 1996). For the threshold review presented by a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974); *accord, Swierkiewicz v. Sorema, N.A.,* 515 U.S. 506, 515 (2002); *Brandt v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995).

The court must accept as true the plaintiff's factual allegations, draw all reasonable inferences in the plaintiff's favor, and construe the pleadings liberally so as to do

substantial justice.  *Conley v. Gibson*, 355 U.S. at 48; *Hishon, id.*; *Fuller, id.*  The duty to construe a complaint liberally, however, is not the equivalent of a duty to re-write the complaint.  *Conley, id., Peterson v. Atlanta Hous. Auth.,* 998 F.2d 904, 912 (11th Cir. 1993).  Only "well-pleaded facts" and "reasonable inferences drawn from those facts" should be accepted, *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992).  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

## DISCUSSION

Brinson's *Amended Complaint* is essentially a restatement of the Fourteenth Amendment claims in his original *Complaint*.  A review of the *Amended Complaint* shows that Brinson does reference individual officers employed by Elmore County who were not mentioned in the initial *Complaint*. (Doc. # 24, ¶ ¶ 12, 17, 26-27).  The *Amended Complaint* does not allege new facts or name new defendants.  The same factual allegations set forth in the *Amended Complaint* survived Defendants' initial *Motion to Dismiss*, and, along with Brinson's claim for punitive damages against the Defendants, were expressly permitted to proceed pursuant to this court's *Memorandum Opinion and Order*. (Doc. # 16, at 7).  The undersigned, therefore, concludes that Defendants' *Motion to Dismiss Plaintiff's Amended Complaint* should also be denied.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Defendant's motion for a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 25) be DENIED.  It is further the Recommendation of the Magistrate Judge that this case be referred back to the undersigned for additional proceedings relative to the claims presented in Plaintiff's complaint.

***It is further ORDERED that the parties shall file any objections to the said Recommendation by March 12 , 2007.***  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 27th day of February, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE